**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTRON CANNON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge** |
| **P.O. W. FILIP #393, P.O. PINEDA, P.O.** | ) | |
| **DRISCOLL and the CITY OF** | ) | **JURY DEMAND** |
| **AURORA, a Municipal Corporation** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANTRON CANNON, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his Complaint against the Defendant CITY OF AURORA states as follows:

## COUNT I – UNLAWFUL SEARCH

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ANTRON CANNON, accomplished by acts and/or omissions of the Defendants P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, ANTRON CANNON, is a resident of Aurora in the State of Illinois.

4. The Defendants P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL were, at all times relevant to the allegations of the Complaint, duly appointed Aurora Police Officers and were acting within their scope of employment and under color of law.

5. The CITY OF AURORA is a municipal entity and the employer of the individual Defendants.

6. On or about June 27, 2021, the Plaintiff, ANTRON CANNON, was at his home at 701 Hamilton Avenue, Aurora, Illinois.

7. The defendants and other police officers arrived at the address and walked in while the plaintiff and his girlfriend were having intimate relations.

8. The plaintiff was not committing a crime or breaking any laws.

9. Defendants P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL entered the plaintiff's home without a warrant or exigent circumstances.

10. The defendants had the plaintiff and his girlfriend sit naked for about an hour.

11. The defendants then searched the house, claiming they were looking for guns and drugs, although they had no warrants or probable cause, thereafter they handcuffed the plaintiff.

12. There was no legal basis to enter the house and search it.

13. Defendants P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL thereafter handcuffed the Plaintiff.

14. The actions of the Defendants were intentional, willful, wanton, and with malice.

15. The actions of the Defendants constituted violations of ANTRON CANNON'S Fourth Amendment rights protected by 42 U.S.C. §1983.

16. As a result of the actions of the Defendants, the Plaintiff suffered fear, anxiety, pain, suffering, and injury.

**WHEREFORE**, the Plaintiff, ANTRON CANNON, prays for judgment against the Defendants, P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL, jointly and severally, for reasonable compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT II – FALSE ARREST

1-16. The Plaintiff hereby realleges and incorporates Paragraphs 1-16 of Count I as his respective allegations of Paragraph 1-16 of Count II as though fully set forth herein.

17. The Defendants, P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL, in an effort to cover up their actions, arrested and charged the Plaintiff with domestic battery.

18. There were no facts to support a charge for domestic battery.

19. The actions of the Defendants lacked facts to establish probable cause.

20. The actions of the Defendants were intentional, willful, wanton, and with malice

21. The actions of the Defendants constituted violations of ANTRON CANNON'S Fourth and Fourteenth Amendment rights protected by 42 U.S.C. §1983.

22. As a result of the actions of the Defendants, the Plaintiff suffered fear, anxiety, pain, suffering and monetary losses.

**WHEREFORE**, the Plaintiff, ANTRON CANNON, prays for judgment against the Defendants, P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL, jointly and severally, for reasonable compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT III – INDEMNIFICATION: CITY OF AURORA

1-22. The Plaintiff, ANTRON CANNON, hereby realleges and incorporates his allegations in Paragraphs 1-22 of Counts I and II as his respective allegations of Paragraphs 1-22 of Count III as though fully set herein.

23. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

24. The Defendants P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL are employees of the CITY OF AURORA who acted within the scope of their employment in committing the misconduct described herein.

25. Should any of the Defendants, P.O. W. FILIP #393, P.O. PINEDA, and P.O. DRISCOLL, be found liable for the acts alleged above, the CITY OF AURORA would be liable to pay the Plaintiff, ANTRON CANNON, any judgment obtained against said Defendants.

**WHEREFORE**, the Plaintiff, ANTRON CANNON, prays for judgement against the Defendant, CITY OF AURORA, for reasonable compensatory damages, attorneys' fees, and costs.

**JURY DEMAND**

The Plaintiff, ANTRON CANNON, hereby requests a trial by jury.

Respectfully submitted,

By: /s/ Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis (#6180966)**
**GREGORY E. KULIS & ASSOCIATES, LTD.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**(312) 580-1830**
**service@kulislawltd.com**